UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MARK DIONELA,

Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.,

Defendant.

Case No.: 3:26-cv-02613-DMS-AHG

**ORDER GRANTING JOINT MOTION TO EXTEND DISCOVERY DEADLINES**

**[ECF No. 18]**

Before the Court is the parties' joint motion extend discovery deadlines. ECF No. 18. There, the parties seek to extend the fact discovery deadline by 60 days. *Id*. at 2–3.

Parties seeking to continue deadlines in the scheduling order must demonstrate good cause. FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); *see also* Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request"). Courts have broad discretion in determining whether there is good cause. *See, e.g.*, *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 607 (9th Cir. 1992); *Liguori v. Hansen*, No. 2:11-cv-492-GMN-CWH, 2012 WL 760747, at *12 (D. Nev. Mar. 6, 2012). "Good cause" is a non-rigorous standard that

has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson*, 975 F.2d at 609 ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. … If that party was not diligent, the inquiry should end."). Therefore, "a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Doe v. Wyndham Hotels & Resorts, Inc.*, No. 3:24-cv-217-JLS-AHG, 2025 WL 2881574, at *1–*2 (S.D. Cal. Oct. 9, 2025) (quoting *Merck v. Swift Transp. Co.*, No. 16-cv-1103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018)).

Here, the parties represent to the Court that they have been diligently pursing discovery and have served "a First Set of Interrogatories, Requests for Production of Documents, Requests for Admission, and notices of deposition of the Plaintiff and Experian." ECF No. 18 at 2. Thereafter, the parties have been engaging in settlement discussions and agreed to mutually extend their discovery response deadlines. *Id*. To support their settlement efforts, the parties therefore seek a 60-day extension of the fact discovery deadline—from December 15, 2026, to February 15, 2027. *Id*. at 3.

The Court appreciates that the parties have been working together and finds good cause to **GRANT** the joint motion as follows:

1. The Court **SETS** a Discovery Conference for <u>**December 8, 2026**</u> at <u>**11:30 a.m.**</u> before the Honorable Allison H. Goddard ***via videoconference***.
   a. Court staff will send out the Zoom link to counsel of record ahead of the conference.
   b. During the conference, counsel should be prepared to discuss the status of settlement discussions and the status of discovery.
   c. All participants shall display the same level of professionalism during the Discovery Conference and be prepared to devote their full attention to the conference as if they were attending in person, i.e., cannot be driving or in

a car while speaking to the Court. Because Zoom may quickly deplete the battery of a participant's device, each participant should ensure that their device is plugged in or that a charging cable is readily available during the video conference.

d. Counsel are advised that although the Discovery Conference will take place on Zoom, all participants shall appear and conduct themselves as if it is proceeding in a courtroom, i.e., all participants must dress in appropriate courtroom attire.

2. All fact discovery shall be completed by all parties by **February 16, 2027**. "Completed" means that all discovery requests governed by Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be propounded sufficiently in advance of the discovery cut-off date **so that they may be completed** by that date, taking into account the time permitted in the Rules for service, notice, and responses. If any discovery disputes arise, **counsel must meet and confer promptly and in good faith in compliance with Local Rule 26.1(a). A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the Court.** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet-and-confer process. If the parties reach an impasse on any discovery issue, the movant must email chambers at efile_goddard@casd.uscourts.gov no later than 45 days after the date of service of the written discovery response that is in dispute, seeking a telephonic conference with the Court to discuss the discovery dispute. The email must include: (1) at least three proposed times mutually agreed upon by the parties for the telephonic conference; (2) a *neutral* statement of the dispute; and (3) one sentence describing (not arguing) each parties' position. The movant must copy opposing counsel on the email. No discovery motion may be filed until the Court has conducted its pre-motion telephonic conference, unless the movant has obtained leave of Court. **All parties are ordered to read and to fully comply with the Chambers Rules of**

**Magistrate Judge Allison H. Goddard**, which can be found on the district court website and at: https://www.casd.uscourts.gov/judges/goddard/docs/Goddard%20Civil%20Pretrial%20Procedures.pdf.

3. The parties shall designate their respective experts in writing by **March 16, 2027**. The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid. This requirement is not limited to retained experts. The date for exchange of rebuttal experts shall be by **April 13, 2027**. The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

4. By **March 16, 2027**, each party shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony. **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).**

5. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) by **April 13, 2027**.

6. All expert discovery shall be completed by all parties by **May 11, 2027**. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery.

7. Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

8. All other pretrial motions must be filed by **June 11, 2027**. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. The period of time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard. Motions in limine are to be filed as directed in the Local Rules, or as otherwise set by the district judge.

9. All other deadlines set forth in the Court's Scheduling Order (ECF No. 15), **remain unchanged**, including the July 12, 2027, Mandatory Settlement Conference, the October 15, 2027, pretrial conference, and the November 15, 2027, trial.

**IT IS SO ORDERED.**

Dated: October 27, 2026

Honorable Allison H. Goddard
United States Magistrate Judge